### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:21-CR-278- |
| | § | ALM-CAN |
| CHRISTOPHER JOSEPH ESTRADA (1) | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Christopher Joseph Estrada's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on March 8, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Lesley Brooks.

Defendant was sentenced on July 7, 2016, before The Honorable George H. Wu of the Central District of California after pleading guilty to the offense of Ct. l: Distribution of Methamphetamine, a Class A Felony and Ct. 2: Engaging in the Business of Dealing Firearms Without a License, a Class D felony. Count 1 carried a sentence of 10 years to life and Count 2 carried a sentence of not more than 5 years. The guideline imprisonment range, based on a total offense level of 28 and a criminal history category of IV, was 110 to 13 7 months, however the statutorily authorized minimum sentences are greater than the minimum of the applicable guideline range; therefore, the guideline range was 120 months to 137 months. Defendant was subsequently sentenced to 57 months imprisonment on both counts to run concurrent followed by a term of supervised release of five years for Count 1 and three years for Count 2, to run concurrently. He was subject to the standard conditions of release, plus special conditions to include substance abuse

testing and treatment, searches, and a $200 special assessment. On January 13, 2020, Defendant completed his period of imprisonment and began service of the supervision term in the Central District of California before transferring to the Eastern District of Texas on March 9, 2020. On April 17, 2020, Defendant's terms of supervised release were amended for mental health treatment and medication. On September 24, 2021, a Transfer of Jurisdiction was completed, and the case was assigned to the Honorable Amos L. Mazzant, III, U.S. District Judge.

On October 8, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2, Sealed].  The Petition asserts that Defendant violated seven (7) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state, or local crime; (2) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) The defendant shall refrain from any unlawful use of a controlled substance; (4) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (5) The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision; (6) The defendant shall not leave the judicial district without the permission of the Court or probation officer; and (7) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month [Dkt. 2 at 1-3, Sealed].

The Petition alleges that Defendant committed the following acts: (1) (2) On August 22, 2021, Willow Park, Texas Police Officer observed a black Chevrolet Tahoe stopped in the roadway. It was stopped diagonally across two northbound lanes and did not have headlights on. A traffic stop was conducted. Contact was made with the sole occupant of the vehicle, Defendant. Officers were unable to determine financial responsibility for the vehicle and Defendant did not have a valid driver's license in his possession, He was asked if he had any type of identification on his person at which time, he began to remove items from his pockets. Officers observed a small plastic baggy fall from Defendant's person to the ground. The baggy contained what appeared to be a white crystal-like substance that officers immediately suspected to be methamphetamine due to its appearance and packaging. Defendant was instructed to place his hand behind his back to be detained for further investigation. As he placed his hands behind his back, another small plastic baggy containing a black tar like substance also fell from his person. Officers immediately suspected this substance to be heroin, due to its appearance and packaging. The white crystal-like substance was field tested and was positive for methamphetamine. Defendant was placed under arrest and a vehicle inventory of the Tahoe was conducted. A black baggy containing a green leafy substance consistent with marijuana was located in the side pocket of the driver door. The substance tested positive for marijuana. An unused syringe and bent kitchen spoon with tarnished/burnt finish and black residue was located near the front passenger seat. The black tar substance was field tested at the police department and was positive for heroin. Additionally, the observed location of the Tahoe was within 1,000 feet of a drug free zone (Daycare facility) as defined in the Texas Health and Safety Code. Defendant was booked into the Parker County Jail in Weatherford, Texas and charged with the following: • No Motor Vehicle Insurance- $366.00 Fine and Court Cost; Time Credit • Possession of a Controlled Substance PG 1<G in a Drug Free

Zone-$15,000.00 Bond • Possession of a Controlled Substance PG 1>=1G<4G- $15,000.00 Bond • Possession of Drug Paraphernalia-$319.00 Fine and Court Cost; Time Credit • Possession of Marijuana <2OZ Drug Free Zone -$2,500.00 Bond; (3) (4) On June 28, 2021, Defendant submitted a urine specimen at the U.S. Probation Office in Plano, Texas, which was presumptively positive for methamphetamine. On July 1st and July 6th, Defendant admitted to relapsing a few weeks prior but had been clean for about a week. The specimen had been submitted to the lab for confirmation testing and the results were negative; (5) On July 6, 2021, Defendant was instructed to call a notification line each day and to report for drug testing as instructed and as part of the U.S. Probation Office's drug testing program. Defendant failed to submit a random urine drug test at McCary Counseling, in Denton Texas on July 15, August 11, August 13, and August 16, 2021 as instructed; (6) On August 22, 2021, Defendant traveled to Parker County, Texas in the Northern District of Texas without permission form the U.S. Probation Officer; and (7) Defendant failed to report to the U.S. Probation Office as instructed on June 18, and June 21, 2021 [Dkt. 2 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 5, 6, and 7 of the Petition.  The Government dismissed allegations 1 through 4 of the Petition. Having considered the Petition and the plea of true to allegations 5, 6 and 7, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 17; 18].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to

be imprisoned for a term of twelve (12) months, with a term of supervised release of forty-five (45) months to follow.

The Court further recommends the imposition of the following special conditions: (1) You must not illegally possess a controlled substance and shall refrain from any unlawful use of a controlled substance; (2) You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (3) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (4) You must take all mental health medications that are prescribed by your treating physician. You must pay the cost of the medication; (5) You must submit your person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by you, and by any Probation Officer in the lawful discharge of the officer's supervision function; and (6) You must reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility. Should you obtain a residence approved by the probation officer during the 180 day placement, you may be released.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 21st day of March, 2022.**

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE