IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:21-CR-00278- |
| § | ALM-AGD |
| CHRISTOPHER JOSEPH ESTRADA (1) § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Christopher Joseph Estrada's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on August 6, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto of the Federal Public Defender's Office. The Government was represented by Jay Combs.

Defendant was sentenced on July 7, 2016, before The Honorable George H. Wu of the Central District of California after pleading guilty to the offense of Count 1: Distribution of Methamphetamine, a Class A felony and Count 2: Engaging in the Business of Dealing Firearms Without a License, a Class D felony. Count 1 carried a statutory imprisonment sentence of 10 years to life, and Count 2 carried a sentence of not more than 5 years. The guideline imprisonment range, based on a total offense level of 28 and a criminal history category of IV, was 110 to 137 months, however the statutorily authorized minimum sentences are greater than the minimum of the applicable guideline range; therefore, the guideline range was 120 to 137 months. Defendant was subsequently sentenced to 57 months imprisonment on both counts to run concurrent followed by a term of supervised release of five years for Count 1 and three years for Count 2, to run concurrently. He was subject to the standard conditions of release, plus special conditions to

REPORT AND RECOMMENDATION – Page 1

include substance abuse testing and treatment, searches, and a $200 special assessment. On January 13, 2020, Defendant completed his period of imprisonment and began service of the supervision term in the Central District of California before transferring to the Eastern District of Texas on March 9, 2020. On April 17, 2020, Defendant's terms of supervised release were amended for mental health treatment and medication. On September 24, 2021, a Transfer of Jurisdiction was completed, and the case was assigned to the Honorable Amos L. Mazzant, III, U.S. District Judge. On March 23, 2022, Defendant's term of supervised release was revoked due to failing to report for drug testing, traveling outside the district without permission, and failing to report to the U.S. Probation Office. Defendant was sentenced to 12 months imprisonment followed by a 45-month term of supervised release on Count 1. He was sentenced to the standard conditions of release, plus special conditions to include substance abuse testing and treatment, mental health treatment, mental health medication, search, and placement in a residential re-entry center if unable to secure a residence. On December 2, 2022, Defendant completed his second term of imprisonment and began his second term of supervised release. (Dkt. #29 at pp. 1–2, Sealed).

On July 12, 2024, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. #26, Sealed). The First Amended Petition asserts that Defendant violated six (6) conditions of supervision, as follows: (1) <u>Mandatory Condition</u> Defendant shall not commit another federal, state, or local crime; (2) <u>Mandatory Condition</u> Defendant must not unlawfully possess a controlled substance; (3) <u>Standard Condition</u> After initially reporting to the Probation Office, Defendant will receive instructions from the court or the probation officer about how and when he must report to the Probation Officer, and Defendant must report to the Probation Officer as instructed; (4) <u>Standard Condition</u> Defendant must live at a place approved by the Probation Officer. If Defendant plans to change where he

lives or anything about his living arrangements (such as the people he lives with), Defendant must notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances, Defendant must notify the Probation Officer within 72 hours of becoming aware of a change or expected change; (5) <u>Standard Condition</u> Defendant must allow the Probation Officer to visit him at any time at his home or elsewhere, and Defendant must permit the Probation Officer to take any items prohibited by the conditions of his supervision that the Probation Officer observes in plain view; and (6) <u>Special Condition</u> Defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The Probation Officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing. (Dkt. #26 at pp. 1–3, Sealed).

The First Amended Petition alleges that Defendant committed the following acts: (1) & (2) On July 10, 2024, at 10:30 p.m., officers with the Dallas, Texas, Police Department observed a car driving at a high rate of speed. The vehicle then failed to stop fully at a marked stop sign. Officers then initiated a traffic stop on the vehicle. Contact was made with the driver and the passenger, Defendant. As the officer removed Estrada from the vehicle, he observed in plain view a half blue pill and burnt white pill inside the door handle area. On the floorboard, the officer observed multiple small burnt pieces of aluminum foil with burn marks down the middle, which is common with smoking narcotics. A black bag was located, and Defendant stated the bag belonged to him. Located in the bag were two forms of identification and a debit card belonging to a business, none of which belonged to Defendant. Defendant was arrested and transferred to the Dallas County Jail. Upon arrival at the jail, Defendant was stripped searched. Located inside his underwear was a bag with a crystal-like substance and a small baggie with 22 blue pills confirmed to be Oxycodone.

The crystal-like substance tested positive for methamphetamine. The weight of the methamphetamine after subtracting the packaging was 0.8 grams. The weight of the Oxycodone without packing was 2.4 grams. Defendant was arrested for the following charges: 1. Possession of a Controlled Substance PG 1 >= 1G < 4G – Oxycodone, and 2. Possession of a Controlled Substance PG 1G < 1G – Methamphetamine. As of the date of the First Amended Petition, the charges remained pending, and Defendant remained in custody at the Dallas County Jail; (3) On March 26, 2024, at 8:55 am, Defendant was instructed in a text message to report to the U.S. Probation Office in Plano, Texas at 1:00 pm on March 26, 2024. Defendant failed to report as instructed and has failed to contact the U.S. Probation Office since; (4) On February 27, 2024, Defendant notified the U.S. Probation Office that he had moved two weeks prior. On March 5, 2024, Defendant's mother advised that he does "stay at the house," but he is mostly with his girlfriend, and Defendant's mother did not know where the girlfriend resides. Defendant has been instructed repeatedly to tell his Probation Officer where he is living, and he continues not to advise his Probation Officer in advance before he moves or within 72 hours of having to move; (5) On February 22, 2024, Defendant failed to make himself available for a scheduled home visit. On March 5, 2024, Defendant failed to make himself available for a scheduled home visit. This home visit was scheduled with Defendant during a phone call on February 27, 2024. On March 18, 2024, Defendant failed to make himself available for a scheduled home visit. This home visit was scheduled with Defendant through email which he responded to confirming the visit on March 6, 2024. On March 26, 2024, Defendant failed to make himself available for a scheduled home visit. This home visit was scheduled with Defendant on March 22, 2024, when he responded confirming the visit; and (6) On May 17, 2023, Defendant failed to submit a random drug test at McCary

Counseling, in Denton, Texas, as part of the U.S. Probation Office's random drug testing program. (Dkt. #26 at pp. 1–3, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 3, 4, 5, and 6 in the First Amended Petition. The Government moved to dismiss allegations 1 and 2 of the First Amended Petition. Having considered the First Amended Petition and the plea of true to allegations 3, 4, 5, and 6, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twelve (12) months, to run consecutively with any term of imprisonment from the pending Dallas, Texas cases, with no term of supervised release to follow.

The court also recommends the Government's motion to dismiss allegations 1 and 2 be granted.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in the Seagoville, Texas, or the Dallas-Fort Worth, Texas area, if appropriate.

**SIGNED this 2nd day of October, 2024.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE